**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANDSTAR GLOBAL LOGISTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PERFECTION PLUS TRUCKING, INC., <br><br> Defendant. | No. 23cv2808 (EP) (AME) <br><br> **OPINION & ORDER** |

**PADIN, District Judge.**

Plaintiff Landstar Global Logistics, Inc. ("Plaintiff") sued Defendant Perfection Plus Trucking, Inc. ("Defendant") for allegedly stealing Plaintiff's Standard Carrier Alpha Code ("SCAC Code"), a unique freight identifier. *See generally* D.E. 1 ("Complaint" or "Compl."). Plaintiff moves for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). D.E. 10 ("Mot."). The Clerk entered default against Defendant on July 14, 2023. The Court has reviewed the Plaintiff's submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons below, the Court will **DENY** *without prejudice* Plaintiff's motion.

**I.   BACKGROUND**

    **A. Allegations**

Plaintiff is a holding company of federally licensed interstate motor carriers, freight forwarders, and freight brokers, with a principal place of business in Jacksonville, Florida. Compl. ¶ 1. From June 2022 through January 2023, Defendant, a trucking company with a place of business in Stratford, Connecticut, received certain shipments of freight to transport for profit. *Id.*

¶¶ 5, 7.  Defendant received the freight from various ocean carriers and a logistics company ("Freight Recipients").  *Id.* ¶ 6.  To receive the freight, Defendant required a SCAC Code, a unique code that enables all parties to a transportation to identify which carrier received the freight.  *Id.* ¶¶ 8-10.  The SCAC Code also ensures parties can properly invoice the carrier that received the freight.  *Id.* ¶ 11.

Plaintiff alleges that Defendant fraudulently converted Plaintiff's SCAC Code.  *Id.* ¶ 13.  Defendant allegedly both received and delivered the freight for a profit.  *Id.* ¶ 14.  As a result of Defendant's alleged misuse of the SCAC Code, Plaintiff was improperly invoiced by the Freight Recipients.  *Id.* ¶ 14.   Plaintiff asserts the following causes of action against Defendant: (1) Conversion; (2) Fraud; and (3) Unjust Enrichment.  Plaintiff does not seek entry of judgment for its fourth count for injunctive relief.

### B.  Procedural History

Plaintiff filed the Complaint on May 23, 2023.  Compl.  Plaintiff served Defendant via process server with the summons and complaint on June 5, 2023.  D.E. 7.  Defendant did not file a response, and on July 13, 2023, Plaintiff filed a request for the Clerk of the Court to enter default against Defendant pursuant to Fed. R. Civ. P. 55(a).  D.E. 8.  The Clerk entered default against Defendant on July 14, 2023.  On November 2, 2023, Plaintiff moved for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b).  Mot.

## II.     LEGAL STANDARD

Courts may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading.  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  While the Third Circuit prefers that "cases be disposed of on the

merits whenever practicable," the decision to enter a default judgment is left to this Court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). The Court should accept well-pleaded factual allegations in complaints as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages" and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Chanel*, 588 F. Supp. 2d at 535–36 (cleaned up).

The Court must therefore determine "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Interstate Realty Mgmt. Co. v. PF Holdings, LLC*, No. 16-4095, 2017 WL 53707, at *1 (D.N.J. Jan. 4, 2017) (citation omitted).

### III.   ANALYSIS

When a default judgment is requested, the Court must make a "threshold determination regarding any jurisdictional defects." *Celegne Corp. v. Gupta*, No. 17-5308, 2018 WL 4027032, at *2 (D.N.J. Aug. 23, 2018). Due to Plaintiff's insufficient pleadings, the Court cannot ascertain whether it has personal jurisdiction over Defendant.

New Jersey's long-arm statute allows the exercise of personal jurisdiction to the maximum extent permitted by the United States Constitution. *Id.*  Personal jurisdiction may be exercised either through general or specific jurisdiction. *Acosta v. Nat'l Packaging, Inc.*, No. 09-701, 2010 WL 920660, at *2 (D.N.J. Mar. 8, 2010). Defendant must have "continuous and systematic contacts" with New Jersey for this Court to have general personal jurisdiction. *Id.* (cleaned up). Mere "minimum contacts" with the state are insufficient. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Here, Plaintiff does not make clear what

would afford this Court personal jurisdiction over Defendant. It does state that Defendant's "place of business"[1] is in Connecticut, and that it "does business at Port Newark, New Jersey." Compl. ¶ 2. However, the extent of this purported business is not explained. Similarly, Plaintiff fails to establish general personal jurisdiction in its moving papers. Plaintiff states that "Personal Jurisdiction exists because the Defendant does business in New Jersey" but provides no further detail. Mot. at 2. Without more, this Court cannot determine whether Defendant's contacts with the state are sufficiently continuous and systematic. *See Reology Servs. Grp., LLC. v. Creative Explosions, Inc*., No. 07-3746, 2008 WL 2902165, at *2 (D.N.J. July 24, 2008) (finding no general jurisdiction where defendant's only contact with New Jersey was two business trips and sending fees and reports to plaintiffs). It is very well possible that Defendant does extensive business in New Jersey such that jurisdiction is proper, but Plaintiff must aver so.

Specific jurisdiction exists if Defendant "purposefully directed its activities at the forum, and the litigation arises out of or relates to at least one of those activities." *Guiuan v. Villaflor*, No. 08-363, 2010 WL 3614197, at *2 (D.N.J. Sept. 8, 2010). Plaintiff also failed to establish specific personal jurisdiction. Plaintiff states that the "acts and events giving rise to the Complaint occurred in New Jersey, Essex County." Compl. ¶ 4; *see also* Mot. at 2 ("[T]he acts giving rise to the Complaint occurred in New Jersey, Essex County, Port Newark."). Alone, "[t]his bare allegation is insufficient to sufficiently demonstrate specific jurisdiction." *AvalonBay Cmtys., Inc. v. Aspen Specialty Insurance Co*., No. 20-9167, 2021 WL 1921528, at *3 (D.N.J. May 13, 2021) (denying motion for default judgment where plaintiff offered minimal allegations concerning defendant's connection to New Jersey).

---

[1] Based on the effectuation of service at Defendant's address in Connecticut, this Court assumes that Plaintiff believes Defendant's principal place of business is in Connecticut.

There is no further information explaining how the alleged theft of the SCAC Code occurred in New Jersey. Plaintiff did not state where the freight originated, where it was delivered, or where the SCAC Code was used at all. Nor does it explain what specific business Defendant was doing in New Jersey.[2]

### IV.   CONCLUSION AND ORDER

For the reasons above, **IT IS**

**ORDERED** that Plaintiff's motion is **DENIED** *without prejudice*; and it is further

**ORDERED** that Plaintiff has 30 days to cure the noted deficiencies; and it is finally

**ORDERED** that the failure to remedy those deficiencies may result in dismissal.

Dated: April 16, 2024

Evelyn Padin, U.S.D.J.

---

[2] Plaintiff should also provide more detail on how the purported fraud took place. *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (Plaintiffs alleging fraud "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."). Should the Court have jurisdiction in this case, it must still "analyze the Complaint to determine whether it sufficiently pleads a cause of action." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Plaintiff's Complaint and motion currently consist of many threadbare, conclusory allegations. It would benefit the Court to understand how and when Defendant allegedly stole the SCAC Code and why the recipient of freight would be charged by the carrier.